**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2020[*]
Decided October 23, 2020

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-1626

| | |
|---|---|
| JOHN NIKOLOFF, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
| *v.* | No. 1:18-cv-02273-JRS-DML |
| NEAL ZILIAK, | James R. Sweeney II, |
| *Defendant-Appellee*. | *Judge*. |

## O R D E R

John Nikoloff sued his criminal defense lawyer under 42 U.S.C. § 1983, alleging that he pleaded guilty based on his lawyer's bad advice. The district court dismissed his suit on several grounds, among them that his lawyer was not a state actor under § 1983. We agree and affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In 2014, Nikoloff was charged in Indiana state court with operating a vehicle while intoxicated in a manner that endangered a person—a Class A misdemeanor. *See* IND. CODE § 9-30-5-2(b). After hiring Neal Ziliak to represent him, Nikoloff pleaded guilty and was sentenced to work release and home confinement for one year.

In 2015, Nikoloff petitioned the Indiana state court to set aside his conviction based on the absence of a factual basis for his plea and on Ziliak's ineffective assistance. The court agreed that his conviction could not stand because no testimony at his plea or sentencing hearing suggested that he had endangered anyone, and it downgraded his conviction from a Class A to a Class C misdemeanor—operating a vehicle while intoxicated. *See* IND. CODE § 9-30-5-2(a). The court, however, rejected Nikoloff's ineffective-assistance claim, highlighting his explanation at sentencing that he understood his rights as they had been advised to him by counsel.

Three years later, Nikoloff sued Ziliak in federal court for due process violations in failing "while representing [him] to make sure he was charged with the right charge." Because of Ziliak's oversights, Nikoloff alleged, he was sentenced and fined excessively.

The district court granted Ziliak's motion to dismiss the case. First, Ziliak was not a state actor under § 1983. Second, collateral estoppel barred Nikoloff's claim because the Indiana post-conviction proceedings considered and rejected his claim for ineffective assistance of counsel. Third, his claim was time-barred under Indiana's two-year statute of limitations for personal-injury claims because he knew the basis for his claim no later than 2015 (when he filed his petition for post-conviction relief)—more than two years before he sued.

On appeal, Nikoloff challenges the conclusion that his attorney need be a state actor to be liable under § 1983. But § 1983 reaches only those "who deprive[] an individual of federally guaranteed rights 'under color' of state law," *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quoting § 1983), and a lawyer is not a state actor when he—like Ziliak here—performs his traditional role as counsel to a defendant in a criminal case. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318, 325 (1981); *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019). In his reply brief, Nikoloff asserts for the first time that Ziliak somehow acted "in concert" with the judge in his criminal case, a state actor. But Nikoloff waived this argument by omitting it from his opening brief. *See Carroll v. Lynch*, 698 F.3d 561, 568 (7th Cir. 2012). And in any event, his assertion is only a legal conclusion, unsupported by allegations in his complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Because we affirm the district court's judgment on this basis, we need not reach its alternative bases for dismissal.

AFFIRMED